IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal Action No. 2:00CR7-12
                                      (STAMP)
KEVIN A. RIDEOUT,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT KEVIN A. RIDEOUT'S**
**MOTION FOR GRAND JURY RECORDS/DOCUMENTS**

I. <u>Procedural History</u>

On March 30, 2006, defendant, Kevin A. Rideout ("Rideout"), filed a motion for records/documents relating to the above-styled criminal action pursuant to 28 U.S.C. § 753(b) and Rule 6(f) of the Federal Rules of Criminal Procedure. Specifically, Rideout requests a certified copy of the "record of the proceedings of the return of the indictment," from the grand jury proceedings on August 8, 2000. On April 25, 2006, the United States responded to the defendant's motion. The United States objects to the defendant's request because the material Rideout requests is secret under Rule 6(e)(6) of the Federal Rules of Criminal Procedure.

II. <u>Applicable Law</u>

Granting a request for grand jury transcripts is within the sound discretion of the Court. <u>See</u> <u>United States v. Walczak</u>, 783 F.2d 852, 857 (9th Cir. 1986). Rule 6(e)(3)(E)(ii) sets forth instances when a Court "may authorize disclosure" of grand jury information. The court should permit disclosure of grand jury

transcripts to a defendant "when the party seeking them has demonstrated that a 'particularized need exists which outweighs the policy of secrecy.'" Id. (quoting Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395 (1959). As discussed in Douglas Oil Co. of Cal. v. Petrol Stops N.W., 441 U.S. 211, the "[p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid the possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed."

### III. Discussion

This Court finds the United States's argument persuasive. Pursuant to Rule 6(c) of the Federal Rules of Criminal Procedure, "records, orders, and subpoenas relating to grand jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before the grand jury." Moreover, neither Rule 6(f) of the Federal Rules of Criminal Procedure nor 28 U.S.C. § 753(b) discusses the disclosure of grand jury transcripts. Accordingly, this Court finds that Rule 6(e)(6) of the Federal Rules of Criminal Procedure applies to this criminal action because Rideout is seeking a record from a grand jury proceeding.

In his motion requesting a record of the grand jury proceedings, Rideout has not provided this Court with a reason why he seeks disclosure of the grand jury record. Thus, Rideout has

not demonstrated that his need for the grand jury transcript outweighs the policy of secrecy under Rule 6(e).

Accordingly, Rideout is not permitted to obtain the documents requested pursuant to Federal Rule of Criminal Procedure 6(e)(6).

IV. Conclusion

Thus, it is ORDERED that defendant Kevin A. Rideout's motion to obtain records of the grand jury proceeding must be DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:   May 10, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE